IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN A. CORR, as TRUSTEE of the
KENNETH KENSEY GIFT TRUST,

      Plaintiff      :    No.

      v.

UBS AG,
  and                                     COMPLAINT
UBS FINANCIAL SERVICES, INC.         and
f/k/a UBS PAINEWEBBER, INC.          JURY DEMAND

      Defendants

      Plaintiff John A. Corr (referred to herein as "Corr" or the "Trustee") brings this action as Trustee of the Kenneth Kensey Gift Trust (the "Trust"), and makes the following allegations and seeks judgment against defendants UBS AG and UBS Financial Services, Inc. (referred to collectively as "UBS").

## INTRODUCTION

      1.    The Trust brings this action for compensatory and punitive damages in connection with UBS's wrongful conduct in refusing to release Trust assets unless and until the Trust satisfied a debt owed to UBS by Rheologics, Inc. ("Rheologics"). UBS knew that the Trust had no legal obligation to act as guarantor of the Rheologics debt. Nevertheless, UBS abused its position as custodian of Trust assets by requiring the Trust to pay off the Rheologics credit line as a condition of granting the Trust access to its own assets.

## THE PARTIES

      2.    John A. Corr, a citizen of Pennsylvania, brings this action on behalf of the

Kenneth Kensey Gift Trust, an irrevocable trust created in 1994 through a Trust Agreement between the Grantor, Dr. Kenneth Kensey ("Kensey"), and Corr, the sole Trustee. The Trust Agreement vests the Trustee with exclusive power to act on behalf of the Trust. The primary beneficiaries of the Trust are Kensey's four children. A copy of the Trust Agreement is attached as Exhibit "A."

3. Defendant UBS Financial Services, Inc., f/k/a UBS PaineWebber, Inc., is a Delaware corporation with a principal place of business at 1200 Harbor Boulevard, Weehawken, New Jersey 07086.

4. Defendant UBS AG is a corporation organized under the laws of Switzerland. UBS AG operates a global financial services business directly and through wholly owned subsidiaries such as UBS Financial Services, Inc. UBS AG routinely conducts business in the state of New Jersey, has offices located at 1200 Harbor Boulevard, Weehawken, New Jersey 07086 and can be served via its registered agent at Corporation Service Company, 830 Bear Tavern Road, West Trenton, NJ 08628.

5.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) in that the Plaintiff's state of citizenship is different from the state of citizenship of each defendant, and the amount in controversy exceeds $75,000.00, exclusive of costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. In or about 1997, the Trust opened an investment account with UBS which was maintained under account number NQ 00004 HA. Around the same time, Kensey founded a company called Visco Technologies which later became Rheologics, Inc. ("Rheologics").

9. On or about March 8, 2002, Rheologics entered into a Premium Credit Line Agreement with UBS. The credit line was maintained under UBS account number KM 81027 XQ. A copy of the Premium Credit Line Agreement is attached hereto as Exhibit "B."

10. On April 8, 2002, Rheologics drew $1,000,000 against the UBS credit line. A copy of the UBS April 2002 account statement is attached as Exhibit "C."

11. Between April 8, 2002 and May 25, 2005, UBS sent Rheologics monthly account statements and Rheologics made monthly payments to UBS equal to the amount of interest that accrued on the loan.

12. Between August 25, 2003 and October 6, 2003, UBS made three separate requests that the Trust act as guarantor of the Rheologics credit line. The Trust refused each request. Copies of correspondence from UBS to Corr seeking Corr's signature on Guaranty Agreements are attached as Exhibit "D."

13. In a telephone conversation on October 8, 2003, Kyle Marsh of UBS informed Corr that UBS considered the Trust's investment account assets as pledged security for the Rheologics line of credit, and that UBS was simply seeking to "update" its files with executed Guaranty Agreements.

14. In a letter dated October 8, 2003, Corr specifically informed UBS that the Trust had not agreed to act, and would not agree to act, as guarantor for the Rheologics loan. Corr requested copies of all documents that UBS claimed bound the Trust as guarantor. UBS never responded to that request. A copy of Corr's October 8, 2003 letter is attached hereto as Exhibit "E."

15. In 2005, the Trust's investment adviser, Nancy Rainer-Wallace ("Rainer-Wallace") left UBS and became an investment adviser with Morgan Stanley. In May 2005, Corr

authorized Rainer-Wallace to notify UBS that the Trust intended to transfer assets in its UBS investment account to Morgan Stanley. However, Rainer-Wallace notified Corr that UBS would not transfer the Trust assets unless and until the Trust satisfied the debt that Rheologics owed to UBS.

16. On May 3, 2005, Corr wrote to Michelle Hodge at UBS and again notified UBS that the Trust disputed the existence of an enforceable Guaranty Agreement. The Trust demanded that UBS transfer the Trust's assets unconditionally and again asked for copies of any documents binding the Trust as guarantor of the Rheologics loan. UBS did not comply with Corr's request. A copy of Corr's May 3, 2005 letter to UBS is attached as Exhibit "F."

17. On May 24, 2005, UBS's credit department blocked the transfer of Trust assets to Morgan Stanley, claiming that the assets were pledged as collateral for the Rheologics loan. A copy of the Morgan Stanley internal e-mail confirming UBS's refusal to transfer is attached as Exhibit "G."

18. Having reserved the Trust's right to proceed against UBS for fraud, conversion and breach of fiduciary duty, Corr authorized Morgan Stanley to pay the outstanding balance of UBS's loan to Rheologics and proceed with the transfer of Trust assets to Morgan Stanley.

19. On or about May 25, 2005, Morgan Stanley paid UBS $1,005,815.83 in satisfaction of the outstanding balance of the Rheologics line of credit. UBS thereafter released its hold on the Trust's investment account and transferred to Morgan Stanley assets totaling $1,874,172.12.

20. In spite of receiving funds from Morgan Stanley in satisfaction of the Rheologics credit line, UBS never assigned the Rheologics promissory note or Premium Credit Line Agreement to either Morgan Stanley or the Trust.

21. In order to induce Morgan Stanley to pay the ransom required by UBS, Morgan Stanley required the Trust to execute a Guaranty Agreement that pledged the Trust's assets as security for the Rheologics debt now held by Morgan Stanley.

22. Corr subsequently made several requests for documents from UBS. In January and March 2008, Lou Mazzola of UBS's Client Relations Department sent Corr copies of documents related to the Trust's investment account, including a copy of the Trust Agreement from UBS's files and copies of statements from the Trust's investment account.

23. Mr. Mazzola also sent Corr copies of documents related to the Rheologics loan account. Included in those documents was the March 8, 2002 Credit Line Agreement (Exhibit "A"), copies of Guaranty Agreements signed by Kensey, but no Guaranty Agreements signed by Corr on behalf of the Trust.

24. At all relevant times, UBS knew that it did not possess a Guaranty Agreement that bound the Trust as guarantor of the loan between UBS and Rheologics. Nevertheless, UBS refused to release Trust assets unless and until the Trust satisfied the outstanding loan balance.

25. At all relevant times, UBS acted with wanton, reckless, willful and intentional disregard for the rights and well-being of the Trust.

26. Since May 1, 2005, Rheologics has not made any payments of interest or principal against the loan obligation now held by Morgan Stanley. As a result, the outstanding balance on the Rheologics debt obligation has continued to increase.

27. Rheologics is now insolvent and has notified the Trust that it has no ability to make any payments to reduce the amount of its outstanding debt.

28. In order to satisfy Morgan Stanley's asset-to-loan ratio requirement, Morgan Stanley began confiscating Trust assets and has used those assets to reduce the outstanding

balance of the Rheologics debt. Between July 15, 2007 and June 30, 2009, Morgan Stanley forced the Trust to pay-down the Rheologics debt by an amount in excess of $173,000.

29. On August 10, 2009, the accumulated interest plus principal of the Rheologics debt held by Morgan Stanley was in excess of $1,083,000 and was approximately equal to the value of the Trust assets. Therefore, Morgan Stanley notified the Trust of its intention to liquidate the balance of the Trust assets and use the proceeds to satisfy the Rheologics debt. As a result, the Trustee has no funds needed to pay school tuitions or make other distributions for the benefit of the Trust beneficiaries.

## Count One
## FRAUD

30. Plaintiff incorporates by reference the averments of the preceding paragraphs as if fully set forth at length.

31. In insisting that the Trust was a guarantor for the Rheologics debt, UBS misrepresented a material fact that UBS knew to be false.

32. UBS intended for the Trust to rely on its intentional misrepresentation.

33. As UBS intended, the Trust was forced to rely on UBS's misrepresentation in order to gain access to the Trust's own assets.

34. As a result of UBS's willful misrepresentation, the Trust has incurred damages that include loss of assets, loss of access to its assets, loss of interest, attorney fees and litigation costs.

35. The Trust is entitled to an award of punitive damages because UBS's misrepresentation was made intentionally, willfully and with reckless disregard for the rights and well being of the Trust.

6

**Count Two**
**CONVERSION**

36. Plaintiff incorporates by reference the averments of the preceding paragraphs as if fully set forth at length.

37. UBS intentionally exercised dominion and control over the assets in the Trust's investment account and thereby interfered with the Trust's right to exercise control over that account.

38. Due UBS's wrongful exercise of dominion and control over the assets in the Trust's investment account, the value of the assets has been substantially diminished.

39. As a result of UBS's wrongful exercise of dominion and control over the assets in the Trust's investment account, the Trust has incurred damages that include loss of assets, loss of access to its assets, loss of interest, attorney fees and litigation costs.

40. The Trust is entitled to an award of punitive damages because UBS's wrongful exercise of dominion and control over the assets in the Trust's investment account was done intentionally, willfully and with reckless disregard for the rights and well being of the Trust.

**Count Three**
**BREACH OF FIDUCIARY DUTY**

41. Plaintiff incorporates by reference the averments of the preceding paragraphs as if fully set forth at length.

42. UBS had a fiduciary relationship with the Trust which gave rise to UBS's duty to use reasonable skill and care to protect and preserve the Trust's assets.

43.     UBS breached its fiduciary duty to the Trust by (1) intentionally misrepresenting that the Trust assets were pledged as security for the Rheologics loan; and (2) blocking the transfer of Trust assets until the Trust paid-off the Rheologics loan.

44.     Due UBS's breach of its fiduciary duty to the Trust, the value of the Trust's assets has been substantially diminished.

45.     As a result of UBS's breach of its fiduciary duty to the Trust, the Trust has incurred damages that include loss of assets, loss of access to its assets, loss of interest, attorney fees and litigation costs.

46.     The Trust is entitled to an award of punitive damages because UBS's actions in breaching its fiduciary duty to the Trust were done intentionally, willfully and with reckless disregard for the rights and well being of the Trust.

### Count Four
### NEGLIGENT MISREPRESENTATION

47.     Plaintiff incorporates by reference the averments of the preceding paragraphs as if fully set forth at length.

48.     In insisting that the Trust was a guarantor for the Rheologics debt, UBS negligently misrepresented a material fact.

49.     As UBS intended, the Trust was forced to rely on UBS's negligent misrepresentation in order to gain access to the Trust's own assets.

50.     As a result of UBS's negligent misrepresentation, the Trust has incurred damages that include loss of assets, loss of access to its assets, loss of interest, attorney fees and litigation costs.

## Count Five
## ECONOMIC DURESS

51. Plaintiff incorporates by reference the averments of the preceding paragraphs as if fully set forth at length.

52. UBS's demand that the Trust satisfy the Rheologics debt as a condition of granting the Trust access to its own assets was improper and wrongful.

53. In order to gain access to its assets and exercise its right to move those assets to competing investment firm, it was necessary for the Trust to accede to UBS's wrongful demand.

54. In the absence of UBS's wrongful demand that the Trust satisfy the Rheologics debt as a condition of granting the Trust access to its own assets, the Trust would not have asked Morgan Stanley to pay off the Rheologics loan and thereby place Trust assets at risk of loss.

55. As a result of UBS's economic duress, the Trust has incurred damages that include loss of assets, loss of access to its assets, loss of interest, attorney fees and litigation costs.

56. The Trust is entitled to an award of punitive damages because UBS's actions in subjecting the Trust to economic duress were done intentionally, willfully and with reckless disregard for the rights and well being of the Trust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages in excess of $75,000;

(b) Punitive damages;

(c) Pre-judgment and post-judgment interest;

(d) Attorney fees and cost of litigation; and

(e) Such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury in this action on all issues so triable.

*[signature]*

Stephen A. Corr
MELLON, WEBSTER & SHELLY
87 N. Broad Street
Doylestown, PA 18901
Phone: (215) 348-7700
Fax: (215) 348-0171
Email: scorr@mellonwebster.com

Of Counsel:
John A. Corr, Esquire
Law office of John A. Corr
301 Richard Way
Collegeville, PA 19426